Roy C. WICKWARE, Appellant,

v.

NATIONAL MORTGAGE CORPORA-
TION OF AMERICA, Appellee.

No. 49728.

Supreme Court of Oklahoma.

Oct. 11, 1977.

Stephen D. Colbert, Ardmore, for appellant.

Fischl, Culp, McMillin, Kern & Cawley, by Benjamin F. Hackett, Ardmore, for appellee.

BARNES, Justice:

Appellant, Roy C. Wickware, appeals from a general verdict in favor of the Appellee, National Mortgage Corporation of America, a foreign corporation, with its principal place of business in Dallas, Texas, allowing Appellee recovery of the full amount due and owing under a retail installment contract, less proceeds of sale of a mobile home following replevin and judicial sale thereof.

The facts are not in dispute. On August 1, 1973, Appellant entered into a retail installment contract and security agreement with Orbit Mobile Homes (Orbit), Ardmore, Oklahoma, which was executed in Carter County, Oklahoma, for the purchase of a 1973 Golden West Calypso Mobile Home, bearing serial number 516–0368X–0368U. That contract was assigned by the seller Orbit, by and through Lester L. Brown, to Appellee.

The security for which possession was asked in this case was situated in Carter County, Oklahoma. Appellant defaulted in the payments due and owing in the amount of $14,395.06, plus interest thereon at the rate of 7.63% per annum from September 1, 1974.

Upon default, and Appellant's failure to bring the account up to date after due demand, this action was commenced November 4, 1975, by Appellee against Appellant (defendant), seeking judgment in the aforesaid amount, plus interest, costs, reasonable attorney fee, and an order of the court requiring Appellant to surrender possession of the mobile home.

Under his first proposition Appellant argues the Trial Court erred in allowing the Appellee to recover under two inconsistent theories: (1) recovery of judgment for $14,-395.06; and (2) replevin of the mobile home, thereby giving it a double recovery. This issue was not raised or argued before the Trial Court. Therefore, we will not consider it on appeal. *Helfinstine v. Martin*, 561 P.2d 951 (Okl.1977); *Dumas v. Conyer*, 448 P.2d 835 (Okl.1968).

Appellant contends under his second proposition that the Trial Court erred in refusing to find the instrument used in this contract was a negotiable instrument, that it was used in a consumer transaction, and that it violated the Credit Code. Appellant cites no cases to support this position, but relies entirely on the Oklahoma statutes. Appellant first cites 14A O.S.1971, § 2–403, which states:

"In a consumer credit sale or consumer lease, other than a sale or lease primarily for an agricultural purpose, *the seller or lessor may not take a negotiable instrument other than a check as evidence of the obligation of the buyer or lessee.* A holder is not in good faith if he takes a negotiable instrument with notice that it is issued in violation of this section." (Emphasis added)

Appellant states it cannot be disputed that the note used in this consumer transaction was a negotiable instrument under 12A O.S. 1971, § 3–104, which provides:

"(1) Any writing to be a negotiable instrument within this Article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money *and no other promise, order, obligation or power given by the maker or drawer* except as authorized by this Article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer." (Emphasis added)

In this case, the retail installment contract and the security agreement are combined in one instrument. Thus, other promises, obligations, and powers are given

by the maker or drawer, i. e., provision for rebate or refund on partial repayments and provision that the security interest will secure further or other indebtedness. We hold this was not a negotiable instrument and, therefore, will not discuss Appellant's contentions regarding penalties.

Under Appellant's final proposition it is urged that the Trial Court erred in refusing to allow Appellant's recovery against Appellee for breach of implied warranty of merchantability in spite of the fact that the Trial Judge entered a general verdict which did not allow such damages. Appellant relies on 12A O.S.1971, § 2–314, which provides in pertinent part:

"(1) Unless excluded or modified (Section 2–316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. * * *

"(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

* * * * * *

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and * * *."

Merchantability has been defined in Oklahoma in *Wallace v. L. D. Clark & Son*, 74 Okl. 208, 174 P. 557 (1918):

"By the term 'merchantable' we mean . . . of a quality such as is generally sold in the market and suitable for the purpose for which they are intended, although not of the best quality * * *."

While it is true that the Appellant herein had considerable evidence that the house trailer was damaged by a leaky roof, it was further in the record that no complaints with respect to the leaky roof were ever made to the Appellee; that on the contrary the reason given for not paying the monthly payments on time was Appellant's financial problems. In addition to that, there is in the record an inspection report for repossessed units which is dated December 11, 1974, and indicates in great detail that the exterior and interior were "ok", and it was specifically noted that the exterior was in excellent condition.

This being the case, there is sufficient evidence in the record to sustain the Trial Court's apparent finding that there was no breach of the warranty of merchantability.

AFFIRMED.

All the Justices concur.